IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROBERT DANIEL COOKS, PRO SE, § | | |
| also known as ROBERT D. COOKS, § | | |
| TDCJ-CID No. 522351, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 2:10-CV-0195 | |
| § | | |
| SAMUAL A. DEMERSON, § | | |
| Industrial Specialist 3, and § | | |
| TEXAS DEPARTMENT OF § | | |
| CRIMINAL JUSTICE (TDCJ), § | | |
| § | | |
| Defendants. § | | |

**REPORT AND RECOMMENDATION OF PARTIAL DISMISSAL**

Plaintiff ROBERT DANIEL COOKS, acting *pro se* and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

By his August 20, 2010 Amended Complaint, plaintiff claims, on April 16, 2010, defendant DEMERSON forced him to work on the DESMA shoe press machine in the shoe factory though he knew plaintiff was physically and mentally unable to perform the job. Plaintiff states he was injured as a result. Plaintiff also claims the TEXAS DEPARTMENT OF CRIMINAL JUSTICE (TDCJ) provided an unsafe machine for use in the show factory, *i.e.*, the DESMA shoe press machine. Plaintiff states the machine "lacked any type of integral safety component." Plaintiff requests monetary relief from defendant DEMERSON.

Plaintiff alleges TDCJ "knew the machine posed a significant risk towards plaintiff's

health and safety due to past injuries of other inmates working on the shoe press machines" and knew plaintiff was not properly trained to work on the machine nor was he physically or mentally able to performed the assigned task. Plaintiff requests compensatory relief from defendant TDCJ under the Texas Tort Claims Act, as well as injunctive relief and declaratory judgment.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

The Court construes plaintiff's claims against defendant TDCJ as asserted both under

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

Title 42, United States Code, section 1983 and under the Texas Tort Claims Act.

The Eleventh Amendment bars citizens' suits in federal court against states and their alter egos. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313 (5th Cir. 1999). The eligibility of the Texas Department of Criminal Justice for Eleventh Amendment immunity[3] is settled law in this circuit. *Harris v. Angelina County*, 31 F.3d 331, 338 n.7 (5th Cir. 1994); *see, Loya v. Texas Department of Corrections*, 878 F.2d 860, 861 (5th Cir. 1989). The Texas Department of Criminal Justice is an agency of the State of Texas and any recovery from this defendant would necessarily come from state coffers. Therefore, defendant TDCJ is not a "person" within the meaning of section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989).

An exception to principle of sovereign immunity was created in *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), in which the Supreme Court held that a suit challenging the constitutionality of a state official's action in enforcing state law is not one against the State. *Id.*, at 159-160, 28 S.Ct., at 453-54. The theory of *Young* was that an unconstitutional statute is void, *id.*, at 159, 28 S.Ct., at 453-54, and therefore does not "impart to [the official] any immunity from responsibility to the supreme authority of the United States." *Id.*, at 160, 28 S.Ct., at 454. *Young* also held that the Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law. *Id.*, at 155-156, 159, 28 S.Ct., at 452-53. *See, also, Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)(the Eleventh Amendment grants the States an

---

[3] "Because [Eleventh Amendment] sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." *Warnock v. Pecos County, Texas,* 88 F.3d 341, 343 (5th Cir.1996).

3

immunity from retroactive monetary relief, but state officers are not immune from prospective injunctive relief).

Plaintiff has requested "injunctive relief," but has not specified what injunctive relief he wants. The lack of specificity prevents the Court from determining that the proposed injunctive relief falls within the *Young* exception to sovereign immunity. In addition, plaintiff's request for injunctive relief is deficient in that plaintiff has not named the state official against whom he wishes injunctive relief enforced. Without identifying the state official(s) against whom plaintiff wishes injunctive relief and without explaining exactly what injunctive relief he requests, plaintiff has failed to state a claim for injunctive relief.

To the extent plaintiff requests relief against TDCJ under the Texas Tort Claims Act, sovereign immunity deprives this Court of jurisdiction of that claim as well. By enacting the Texas Tort Claims Act, the state waived its constitutional protection under the Eleventh Amendment in state court only. *Sherwinski v. Peterson,* 98 F.3d 849, 852 (5th Cir.1996). "A state does not waive Eleventh Amendment immunity in federal courts merely by waiving sovereign immunity in its own courts." *Id.* at 851-52. Therefore, the Texas Tort Claims Act does not waive sovereign immunity in federal court. *Id.* at 852. Because TDCJ is entitled to Eleventh Amendment immunity with respect to plaintiff's claim under the Texas Tort Claims Act against it, the Court lacks jurisdiction to adjudicate this claim.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the

Claims against defendant TEXAS DEPARTMENT OF CRIMINAL JUSTICE by plaintiff ROBERT DANIEL COOKS be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 28th day of September, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).